NOT FOR PUBLICATION                                    [Dkt. Ent. 5]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE and VACATION FUNDS and FINISHING TRADES INSTITUTE and VINCENT M. LANE, as Trustee and Fiduciary for International Union of Painters and Allied Trades District Council 711 Health & Welfare and Vacation Funds and Finishing Trades Institute,<br><br>        Plaintiffs,<br><br>             v.<br><br>COBRA CONSTRUCTION,<br><br>        Defendant. | Civil Action No. 13-CV-07495<br><br>(RMB/JS)<br><br>**MEMORANDUM ORDER** |

BUMB, United States District Judge:

    Plaintiffs International Union of Painters and Allied

Trades District Council 711 Health & Welfare and Vacation Funds

and Finishing Trades Institute, and Vincent M. Lane, Trustee

(the "Plaintiffs") have moved for default judgment against

Defendant Cobra Construction (the "Defendant") pursuant to

Federal Rule of Civil Procedure 55(b)(2). For the reasons that

follow, that motion is DENIED without prejudice.

    On December 13, 2013, Plaintiffs commenced the above-

captioned action against Defendant pursuant to Section 301 of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,

Section 502 of the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1132, and Section 515 of ERISA, 29

U.S.C. § 1145. Plaintiffs assert that, pursuant to the

Collective Bargaining Act ("CBA") to which Defendant was a party

and/or agreed to abide by, that Defendant is obligated to make

certain contributions to Plaintiffs. (Compl. ¶¶ 13-15.) However,

a payroll compliance audit revealed that Defendant has failed to

remit the full amount of the required contributions for the

period January 1, 2010 through December 31, 2012, and it has

refused to submit the payments despite having notice of the

delinquencies. (Id. at ¶¶ 16, 18 & Ex. A.)

Service of the Summons and Complaint were made upon

Defendant on December 18, 2013. (Dkt. Ent. 3.) The time for

Defendant's response expired on January 8, 2014, and Defendant

has neither answered nor otherwise responded to the Complaint.

On January 14, 2014, Plaintiffs requested entry of default,

which the Clerk subsequently entered. (See Dkt. Ent. 4.)

Plaintiffs then filed the instant motion on April 3, 2014, which

was served upon Defendant by Regular and Certified Mail. (Dkt.

Ent. 5.) Defendant also failed to respond to the motion.

"Before granting a default judgment, the Court must

determine (1) whether there is sufficient proof of service,

(2) whether a sufficient cause of action was stated, and

2

(3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). Whether default judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct. See N.J. Bldg. Laborers' Statewide Pension Fund and Trustees Thereof v. Pulaski Construction, No. 13-519, 2014 WL 793563, at *3-4 (D.N.J. Feb. 26, 2014) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). As noted above, the docket reflects that the summons and complaint were served personally upon the managing agent of Defendant. When Defendant failed to respond to the Complaint, Plaintiffs properly sought entry of default pursuant to Federal Rule of Civil Procedure 55(a).

"Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement." Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions, No. 11-4976, 2013 U.S. Dist. LEXIS 120769, at *9-10 (D.N.J. Aug. 26, 2013) ("LIUNA") (citing ERISA Section 515, 29 U.S.C. § 1145). Section 502(a) permits a plan

3

fiduciary to sue an employer for failure to make the required

contributions. 29 U.S.C. § 1132(a). If a court enters judgment

in favor of the plan fiduciary, ERISA section 502(g)(2) requires

the court to award (1) unpaid contributions; (2) interest on the

unpaid contributions; (3) liquidated damages; (4) reasonable

attorneys' fees and costs; and (5) other relief the court deems

appropriate. Operative Plasterers & Cement Masons Int'l Ass'n

Local No. 8 v. Specialty Stucco Restoration, No. 05-5879, 2006

U.S. Dist. LEXIS 92460, at *6 (D.N.J. Dec. 20, 2006) (citing 29

U.S.C. § 1132(g)(2)); see also LIUNA, 2013 U.S. Dist. LEXIS

120769, at *10.

According to the Complaint, Defendant was a party to and/or

agreed to abide by the terms of a CBA obligating it to remit

fringe benefit contributions to Plaintiffs in a timely manner on

behalf of eligible employees.[1] (Compl. ¶¶ 13-15.) In connection

with its motion for default judgment, Plaintiffs attached the

CBA entered into by Plaintiffs and the Garden State Council,

Inc., signed on August 29, 2006 and effective for the period May

1, 2006 through March 31, 2011.[2] (Ex. A, Dkt. Ent. 5-2.) Notably,

---

[1] "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted).

[2] Plaintiffs aver that this CBA is entered into between Plaintiffs and the New Jersey Glass and Metal Contractors Associations, to which Defendant is a "signatory employer." (Affidavit, Dkt. Ent. 5-1, at ¶ 2.) However, Plaintiffs failed

4

the CBA by its terms does not cover the full period for which

Plaintiffs seek damages. Plaintiffs also submitted a signature

page signed on behalf of Defendant and dated December 7, 2000.

(Id.) This signature page provides "THE PARTIES HERETO ARE

DESIROUS OF ENTERING INTO AN AGREEMENT TO SET FORTH CONTROL AND

REGULATE THE WAGES, HOURS, FRINGE BENEFITS, TERMS AND CONDITIONS

OF EMPLOYMENT UNDER WHICH THE EMPLOYER WILL EMPLOY PAINTERS AND

ALLIED TRADE WORKERS." (Id.) The significance of this signature

page is unclear to this Court as it appears to predate (by six

years) the CBA and also seemingly indicates only that the

parties intend to enter a separate agreement.

Moreover, while Defendant's default constitutes an

admission of the allegations in the Complaint, "[a] default is

not an admission of the amount of damages claimed." Specialty

Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6, 7

(citation omitted). Here, Plaintiff alleges that a payroll

compliance audit performed by Novak Francella, LLC revealed that

Defendant has failed to remit and/or has only remitted a portion

of the required contributions for the period January 1, 2010

through December 31, 2012. (Id. at ¶ 16.) Plaintiffs submitted

the compliance reports reflecting outstanding contributions in

the amount of $2,153.52. (Ex. D, Dkt. Ent. 5-3.) The accuracy of

---

to explain or document adequately the connections among these
entities.

these amounts depends on the contributions Defendant agreed to
make under the applicable CBA. However, because Plaintiffs
failed to submit the CBAs covering the full period for which
they seek damages, or sufficient evidence demonstrating that
Defendant agreed to abide by the terms of the CBAs, this Court
cannot adequately evaluate the amount of damages that may be
owed. Therefore, entry of the default judgment is inappropriate
at this time. See Operative Plasterers, 2006 U.S. Dist. LEXIS
92460, at *7 ("While the factors may weigh in favor of entering
default judgment with regard to liability, the entry of the
default judgment with regard to the amount of damages requested
by Plaintiffs is inappropriate at this time because Plaintiffs
have not provided this Count with sufficient evidence to support
the amounts requested.").

   ACCORDINGLY, FOR THESE REASONS, IT IS on this, the **21st** day
of **November** **2014**, hereby

   **ORDERED** that Plaintiffs' motion for default judgment is
DENIED without prejudice; and it is further

   **ORDERED** that Plaintiffs shall have thirty (30) days in
which to file supplemental documentation supporting its request
for default judgment.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
