NOT FOR PUBLICATION                                            [Dkt. Ent. 5]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE and VACATION FUNDS and FINISHING TRADES INSTITUTE and VINCENT M. LANE, as Trustee and Fiduciary for International Union of Painters and Allied Trades District Council 711 Health & Welfare and Vacation Funds and Finishing Trades Institute,<br><br>    Plaintiffs,<br><br>    v.<br><br>COBRA CONSTRUCTION,<br><br>    Defendant. | Civil Action No. 13-CV-07495<br><br>(RMB/JS)<br><br>**MEMORANDUM ORDER** |

BUMB, United States District Judge:

    Plaintiffs International Union of Painters and Allied Trades District Council 711 Health & Welfare and Vacation Funds and Finishing Trades Institute, and Vincent M. Lane, Trustee (the "Plaintiffs") have moved for default judgment against Defendant Cobra Construction (the "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). On November 21, 2014, this Court denied that motion without prejudice for failure to submit the CBAs covering the full period for which Plaintiffs seek damages, or sufficient evidence demonstrating that

1

Defendant agreed to abide by the terms of the CBAs. (Dkt. Ent. 6.) Plaintiffs subsequently submitted a supplemental affidavit in support of their motion for default judgment, which the Court now considers. (Dkt. Ent. 7.) For the reasons that follow, Plaintiffs' motion is GRANTED.

On December 13, 2013, Plaintiffs commenced the above-captioned action against Defendant pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs assert that, pursuant to the Collective Bargaining Act ("CBA") to which Defendant was a party and/or agreed to abide by, that Defendant is obligated to make certain contributions to Plaintiffs. (Compl. ¶¶ 13-15.) However, a payroll compliance audit revealed that Defendant has failed to remit the full amount of the required contributions for the period January 1, 2010 through December 31, 2012, and it has refused to submit the payments despite having notice of the delinquencies. (Id. at ¶¶ 16, 18 & Ex. A.)

Service of the Summons and Complaint were made upon Defendant on December 18, 2013. (Dkt. Ent. 3.) The time for Defendant's response expired on January 8, 2014, and Defendant has neither answered nor otherwise responded to the Complaint. On January 14, 2014, Plaintiffs requested entry of default,

which the Clerk subsequently entered. (See Dkt. Ent. 4.) Plaintiffs then filed the instant motion on April 3, 2014, which was served upon Defendant by Regular and Certified Mail. (Dkt. Ent. 5.) Defendant also failed to respond to the motion.

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). Whether default judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct. See N.J. Bldg. Laborers' Statewide Pension Fund and Trustees Thereof v. Pulaski Construction, No. 13-519, 2014 WL 793563, at *3-4 (D.N.J. Feb. 26, 2014) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). As noted above, the docket reflects that the summons and complaint were served personally upon the managing agent of Defendant. When Defendant failed to respond to the Complaint, Plaintiffs properly sought entry of default pursuant to Federal Rule of Civil Procedure 55(a).

3

"Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement." Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions, No. 11-4976, 2013 U.S. Dist. LEXIS 120769, at *9-10 (D.N.J. Aug. 26, 2013) ("LIUNA") (citing ERISA Section 515, 29 U.S.C. § 1145). Section 502(a) permits a plan fiduciary to sue an employer for failure to make the required contributions. 29 U.S.C. § 1132(a). If a court enters judgment in favor of the plan fiduciary, ERISA section 502(g)(2) requires the court to award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, No. 05-5879, 2006 U.S. Dist. LEXIS 92460, at *6 (D.N.J. Dec. 20, 2006) (citing 29 U.S.C. § 1132(g)(2)); see also LIUNA, 2013 U.S. Dist. LEXIS 120769, at *10.

According to the Complaint, Defendant was a party to and/or agreed to abide by the terms of a CBA obligating it to remit fringe benefit contributions to Plaintiffs in a timely manner on

4

behalf of eligible employees.[1] (Compl. ¶¶ 13-15.) In connection with its motion for default judgment, Plaintiffs submitted a CBA entered into by Plaintiffs and the Garden State Council, Inc., the New Jersey Glass and Metal Contractors Association, and the Drywall and Interior Systems Contractors Association, Inc. of NJ, signed on November 16, 1999, and effective for the period May 1, 2000 through April 30, 2006. (Ex. A, Supp. Aff., Dkt. Ent. 7-2.) Plaintiffs also submitted a signature page signed on behalf of Defendant and dated December 7, 2000. (Id.) This signature page provides "THE PARTIES HERETO ARE DESIROUS OF ENTERING INTO AN AGREEMENT TO SET FORTH CONTROL AND REGULATE THE WAGES, HOURS, FRINGE BENEFITS, TERMS AND CONDITIONS OF EMPLOYMENT UNDER WHICH THE EMPLOYER WILL EMPLOY PAINTERS AND ALLIED TRADE WORKERS."[2] (Id.) Plaintiffs also submitted a CBA signed on August 29, 2006 and effective for the period May 1,

---

[1] "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted).

[2] The Court previously questioned the significance of this signature page in light of the date of the document and the content. In response, Plaintiffs submitted the Declaration of Mike Kisielewski (the "Kisielewski Decl."), a Business Agent of Plaintiffs responsible for handling CBAs. (Dkt. Ent. 7-1.) Kisielewski declared that the signature page executed by Defendant on December 7, 2000 obligated Defendant to the terms of the CBA in force at that time. (See id. at ¶ 3.)

5

2006 through March 31, 2011[3] (Ex. A, Dkt. Ent. 5-2), and another CBA signed on June 5, 2012 and effective for the period May 1, 2012 through April 30, 2015 (Ex. C, Supp. Aff., Dkt. Ent. 7-3).

Notably, Plaintiffs failed to include a CBA covering the period from April 1, 2011 through April 30, 2012 - a period for which they seek contributions, or to provide a signature page from Defendant for any CBA covering periods after April 30, 2006. Plaintiffs argue, however, that the 2000-2006 CBA contains a duration clause that provides, "This Agreement shall be in full force and in effect until and including April 20, 2006, and shall continue from year to year thereafter unless written notice of desire to cancel or terminate the Agreement is served by either party upon the other not less than sixty (60) and not more than ninety (90) days prior to April 30th, of any subsequent contract year." (Ex. A, Supp. Aff., Dkt. Ent. 7-2.) According to Kisielewski, neither Plaintiffs nor Defendant have submitted any written notice to cancel or terminate the CBA. (Kisielewski Decl. ¶¶ 4-5.) In addition, Defendant made contributions to the Funds after the expiration of the 2000-2006 CBA. (See Ex. B, Supp. Aff., Dkt. Ent. 7-3 (showing payments covering periods in 2007 and 2008).) Accordingly, the Court is

---

[3] Plaintiffs aver that this CBA is entered into between Plaintiffs and the New Jersey Glass and Metal Contractors Associations, to which Defendant is a "signatory employer." (Affidavit, Dkt. Ent. 5-1, at ¶ 2.)

6

persuaded that Defendant was obligated to make contributions pursuant to the CBA.

While Defendant's default constitutes an admission of the allegations in the Complaint, "[a] default is not an admission of the amount of damages claimed." Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6, 7 (citation omitted). Here, Plaintiffs further allege that a payroll compliance audit performed by Novak Francella, LLC revealed that Defendant has failed to remit and/or has only remitted a portion of the required contributions for the period January 1, 2010 through December 31, 2012. (Id. at ¶ 16.) Plaintiffs submitted the compliance reports reflecting outstanding contributions in the amount of $2,153.52. (Ex. D, Dkt. Ent. 5-3.) Accordingly, Plaintiffs' allegations sufficiently state a cause of action under ERISA.

As to whether default is proper, Defendant's failure to respond to Plaintiffs' Complaint or to oppose their motion for default judgment has deprived Plaintiffs of the opportunity to litigate their claims against Defendant. And, Defendant's failure to make the required contributions can negatively impact Plaintiffs' ability to pay their beneficiaries and thus Plaintiffs will be prejudiced if default judgment is not entered in their favor. See Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6-7; Pulaski Construction, 2014 WL

793563, at *3. Moreover, because Defendant has failed to file a responsive pleading indicating why default judgment should not be entered in Plaintiffs' favor, the Court is "not in a position to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct." See Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6-7 (quoting Carpenters Health & Welfare Fund v. Naglak Design, No. 94-2829, 1995 U.S. Dist. LEXIS 566, at *7 (E.D. Pa. Jan 18, 1995)); see also Pulaski Construction, 2014 WL 793563, at *3. ("The Court has no duty to construct a defense for Defendant."). Accordingly, these factors favor entry of default judgment against Defendant.

Because this action seeks delinquent contributions, this Court must award (1) the unpaid contributions; (2) interest; (3) the greater of either interest or liquidated damages provided under the plan not to exceed 20% of the unpaid contributions; and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). Here, Plaintiffs submitted an audit report showing outstanding remittances in the amount of $2,153.52. (Ex. D, Dkt. Ent. 5-3.) Plaintiffs further submitted a calculation setting forth the interest owed for the delinquency periods amounting to $409.34 as well as liquidated damages amounting to $430.70. (Ex. E, Dkt. Ent. 5-3; see also Plaintiffs' Policy for the Collection of Delinquent Contributions, Ex. B ¶ E(1), Dkt.

Ent. 5-3 (establishing interest rate of 2% above the prime rate).) The Court finds that these amounts are properly calculated and supported.

Plaintiffs also seek attorneys' fees in the amount of $1,120.00 and costs of $469.32 for a total of $1,589.32. (Aff. ¶ 10; see also Ex. F, Dkt. Ent. 5-3.) In support of their request, Plaintiffs submit timesheets reflecting the legal services performed on the specified date and by whom they were performed. (Ex. F.) In addition, counsel provides the hourly rates charged as follows: $150/hour for associate Mark E. Poist, and $70/hour for two paralegals, Lois A. Giordano and Lisa R. Frederico. (Aff. ¶ 11.) The Court notes that the actual hourly rate charged for Poist, as well as the rate apparently used to calculate the fees is actually $175/hour. (See Ex. F.) According to the Court's calculation,[4] Poist spent 3.2 hours on matters related to filing the Complaint and motion for default. Giordano spent 1.8 hours reviewing the file and preparing service documents, while Frederico spent 6.2 hours on various matters involving calculations of the sought-after fees and costs, as well as filing the Complaint and motion for default. The Court

---

[4] Counsel also failed to include in his affidavit a summary of the total time spent by each individual on this matter, or a generalized description of the services rendered, thus requiring the Court to expend additional time to ensure the proper calculations were made based upon a review of the timesheets.

9

finds that these fees are reasonable in light of the nature of the case and the services rendered. See, e.g., Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training, Annuity and Laborers-Employers Co-op. Educ. Trust Funds of Delaware, Inc. v. Ramco Solutions, No. 11-4976, 2013 WL 4517935, at *5 (D.N.J. Aug. 26, 2013) (finding 10.6 hours of work at a rate of $300/hour reasonable in ERISA matter). In addition, the Court finds that the costs incurred in the amount of $469.32, which includes filing and service fees, are reasonable and should be awarded.

ACCORDINGLY, FOR THESE REASONS, IT IS on this, the **5th** day of **January 2015**, hereby

**ORDERED** that Plaintiffs' motion for default judgment is GRANTED; and it is further

**ORDERED** that judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $4,582.88, representing $2,993.56 in unpaid benefit contributions, $1,120.00 in attorneys' fees, and $469.32 in costs.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE